

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-26-00006-CR

IN RE JOHNIFER RAY MUMPHREY

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Johnifer Ray Mumphrey has filed a pro se petition for a writ of mandamus asking this Court to compel the Honorable Alfonso Charles of the 124th Judicial District Court of Gregg County, Texas, "to reverse [his] conviction because the trial courts lacked jurisdiction over the relator person the complaint was fundamental[ly] defective sworn to before the offense date render the complaint invalid under the holding in the cited case laws." We deny Mumphrey's petition.

Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Among other inadequacies, Mumphrey failed to comply with this rule.

Along with his petition, Mumphrey provides the Court with several copies of documents, most of which contain various handwritten notes and are not arranged in chronological order. As we understand it, Mumphrey maintains that the "complaint" was fundamentally defective because it was sworn to before the alleged offense was committed. Mumphrey provides the Court with a document entitled "COMPLAINT/PROBABLE CAUSE AFFIDAVIT." The document shows that it may have been signed by a justice of the peace on May 16, 2017. The justice of the peace's purported signature is located on the page following the "COMPLAINT/PROBABLE CAUSE AFFIDAVIT." Although that is not unusual in and of itself, the document begins with the following: "GROUND NUMBER: Three," and then states, "My trial attorney . . . was ineffective assistance of counsel for failure to make an objection to

2

the COMPLAINT/PROBABLE CAUSE AFFIDAVIT being defective Sworn to before an offense date. See the records below, an[d] on the back side of this argument." In addition, the portion of the "COMPLAINT/PROBABLE CAUSE AFFIDAVIT" that may contain the alleged offense date is illegible. Moreover, the document immediately prior to the "COMPLAINT/PROBABLE CAUSE AFFIDAVIT" appears to be a letter from Mumphrey that is addressed to the Gregg County District Clerk and is in reference to his "7th subsequent Writ of Habeas Corpus 11.07, Application argueing [sic] Eleven different grounds for relief."

That said, it appears that Mumphrey seeks mandamus relief from this Court based on the record he attached to his October 2025 application for post-conviction writ of habeas corpus, which he filed in the 124th Judicial District Court of Gregg County, Texas. Furthermore, in the instant proceeding, Mumphrey seemingly relies on the 124th Judicial District Court clerk's certification of, at least, some of the documents he presented in support of his "7th subsequent" application for a writ of habeas corpus.[1]

In his prayer for mandamus relief, Mumphrey asks this Court to order "the 124th District Court Court [sic] of Gregg County[,] Texas[,] to reverse the conviction" for lack of jurisdiction. Yet, Mumphrey asks for this relief without providing the Court with properly certified copies of the documents filed in his underlying criminal case, including, but not limited to, the State's indictment against him, the judgment of conviction, any motions filed by Mumphrey or the State,

---

[1]On November 18, 2025, the trial court provided the Texas Court of Criminal Appeals with its written recommendation that Mumphrey's application for post-conviction writ of habeas corpus be denied. The trial court directed the court clerk to transmit a transcript of the proceedings to the clerk of the Court of Criminal Appeals, along with Mumphrey's application, the State's response, the docket sheet, and the judgment in the underlying cause. The trial court also provided Mumphrey with its findings. The record does not contain any information or document showing whether the Court of Criminal Appeals agreed or disagreed with the trial court's recommendation to deny Mumphrey's post-conviction application.

any trial court orders,[2] or any transcripts of the trial court proceedings. In sum, the "record" in this case is not only inadequate but also in complete disarray.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the . . . requirements of rule 52 to ensure the integrity of the mandamus record." *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)). For this reason, we conclude that Mumphrey has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

Accordingly, we deny Mumphrey's petition for a writ of mandamus.

Scott E. Stevens
Chief Justice

Date Submitted:     January 29, 2026
Date Decided:       January 30, 2026

Do Not Publish

---

[2]Mumphrey provided this Court with the trial court's order recommending the denial of Mumphrey's post-conviction habeas application.

4